HORACE K. THURBER ET AL , PLAINTIFFS IN ERROR, V. ROSANNA SEXAUER ET AL., DEFENDANTS IN ERROR.

**Attachment.** Upon examinatian of the evidence, *Held,* That the ruling of the district court discharging the attachment was not erroneous.

ERROR to the district court for Douglas county.   Heard below before NEVILLE, J.

*Charles Ogden, A. C. Wakeley,* and *John D. Howe,* for plaintiffs in error.

*H. D. Estabrook,* for defendants in error.

REESE, J.

The plaintiffs in error procured the issuance of an order of attachment and caused it to be levied upon the property of the defendants in error.    Defendants then filed their motion to dissolve the attachment for the reason that the facts did not warrant the issuance of the writ.    The motion to discharge the attachment was resisted, and a number of affidavits were presented by both parties.    Upon the hearing the motion was sustained, and the attachment discharged.    The plaintiff in error brings the cause into this court, and assigns the ruling of the court in discharging the attachment as error.

It appears that the defendants in error were engaged in the grocery trade at Omaha and were indebted to various parties to the amount of about $5,000, and had property of the value of about $8,000 over and above exemptions. On the question of the valuation of their property there is a conflict in the testimony, some putting it at less than the above, and some at more.    A part of their indebtedness had matured, and some of it had been due for some time. A short time prior to this time, one Pratt, who claimed to represent a mine in Colorado, known as the Eurisco mine, approached the defendant, William Sexauer, who was the husband and agent of the defendant, Rosanna Sexauer, with a view of selling him shares of stock of said mine, and from the description given, and representations made by him, Mr. Sexauer was induced to purchase three thousand shares of said stock, paying therefor three thousand dollars, that being ten per cent of their face value.    In order to complete this purchase, money was necessary, and the defendants in error applied to a number of loan agents in Omaha for a loan of $4,500 on their real estate but failed to procure it.    They then borrowed the money of one

Thurber v. Sexauer.

Mathew Sexauer, of Des Moines, Iowa, and executed to him a mortgage of $4,500 on their real estate in Omaha, and, as is claimed by them, received about $4,300—the interest for six months being deducted—$1,900 of which they paid to Pratt, and $1,000 on her indebtedness, and after paying out other sums she had $800 left on hand. They also paid Pratt on their purchase of stock, about $300 in groceries out of the store, being a part of $1,000 worth of groceries which they were to pay in six months.

Upon the filing for record of the mortgage from the defendants in error to Mathew Sexauer, Morgan & Gallagher caused an attachment to be issued and caused the same to be levied upon the property of defendants in error, whereupon Mrs. Sexauer made a general assignment for the benefit of their creditors.

It is alleged by the plaintiffs in error that the purchase of the mining stock of Pratt was a fraud upon the creditors of defendants in error; that the stock was of no value, and that the Eurisco Mining Company is unknown and is entirely fraudulent. The affidavits of certain brokers in Denver were made and they testify that they have no knowledge of any such mine or mining company, while Pratt testifies that the description of said mine which is set out in the evidence and which was presented to the defendants in error is true in every particular, as he believes, and that he has sold $1,000 worth of similar shares at the same rate.

The affidavit for attachment alleges two grounds. 1st, The defendants have disposed of a part of their property with the intent to defraud their creditors; and 2nd, That the defendants are about to convert their property into money for the purpose of placing it beyond the reach of their creditors. The first alleged cause for attachment appears to have been the one to which the proofs have been mainly directed by the plaintiff in error.

That the purchase of the mining stock by the defendants

in error was a foolish venture might be true, and yet there be no fraudulent intent on their part. So far as mortgaging their property is concerned it is clearly shown that applications to loan agents in Omaha were made, and that without any secrecy, and in fact we think it is conceded that the money was actually received from Mathew Sexauer by the defendants in error. We think the court was justified in finding that the money had been paid out by them as stated in the defendants' affidavits. The defendants may have been defrauded by Pratt and induced to part with their money by his graphic description of his mine, and yet be guilty of no fraud themselves.

Had this mining stock proved to have been as valuable as is set out in Pratt's "description," which is attached to his affidavit, and which was presented to the defendants, no one would have thought of charging them with any fraudulent intent.

As to values of property and the conduct of defendants in error, the testimony was conflicting, but the finding of the lower court, upon the facts, about which the conflict exists, should not be set aside unless it is clearly wrong.

There appears to be scarcely any proof to sustain the second alleged cause for attachment, and as it is substantially disposed of in the foregoing, it need not be further noticed.

No error affirmatively appearing in the record, the order of the district court is affirmed. By the court,

ORDER AFFIRMED.